UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL OSTER,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF SOLANO; SOLANO COUNTY SHERIFF'S DEPARTMENT; and DOES 1 through 50, Inclusive,<br><br>        Defendant. | No.  2:12-cv-1264 JAM-KJN<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

    This matter is before the Court on Defendants County of Solano and Solano County Sheriff's Department's (collectively, "Defendants") Motion to Dismiss (Doc. #6). Plaintiff Michael Oster opposes the motion (Doc. #7).[1]

    I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

    Plaintiff filed his complaint (Doc. #2) with this Court on May 10, 2012. Plaintiff alleges two causes of action, the first pursuant to 42 U.S.C. § 1983 and the second for retaliation for

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for September 5, 2012.

1

1  exercising his First Amendment rights.
2      Plaintiff was employed as Deputy Sheriff for the County of
3  Solano from October 28, 2001 until July 10, 2010 when he
4  resigned.  Plaintiff allegedly resigned in 2010 after years of
5  harassment, retaliatory and invasive investigations,
6  surveillance, and unwarranted intrusions into his and his
7  family's lives.  Plaintiff believes that this occurred following
8  his writing to local elected officials, the California Workers'
9  Compensation Board, and the California Department of Insurance
10 to complain about corruption in the department and about how he
11 was treated in spite of his qualifications.
12     Plaintiff was allegedly first assigned to Court Security at
13 the Solano County Superior Court in Fairfield.  In May 2002,
14 Plaintiff alleges that Defendant Solano County Sheriff's
15 Department ("SCSD") assigned him to SCSD's Canine Unit.  The
16 head of SCSD's chapter of the Deputy Sheriff's Association then
17 allegedly threatened "to drag (Plaintiff) through the mud"
18 unless Plaintiff resigned the Canine Unit Handler's position,
19 but Plaintiff did not resign.  (Compl. ¶ 16.)  Later in 2002,
20 the Canine Unit manager allegedly threatened Plaintiff with
21 termination after reading private emails between Plaintiff and
22 the SCSD Captain that questioned the manager's competence.
23 Plaintiff was allegedly forced to resign from the Canine Unit in
24 late 2002 or face possible termination.
25     In or about 2003, Plaintiff allegedly took time off to
26 recuperate from an injured knee.  In early 2004, once Plaintiff
27 had returned to a light duty assignment, the SCSD Captain
28 allegedly threatened Plaintiff with termination because a

2

workers' compensation supervisor allegedly lied to the Captain about details of Plaintiff's injury.

Plaintiff alleges that once he returned to active duty he was subject to undeserved employment actions by his superiors, including an involuntary transfer, having his workers' compensation benefit payments delayed after a 2006 on-duty injury, having his request to wear a knee brace denied, undergoing a "bogus" investigation, and having his workers' compensation benefits and medical treatment delayed after a 2007 on-duty injury.

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II. OPINION

A.   Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  Dismissal is

3

appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. <u>Balistreri v. Pacifica Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." <u>Eminence Capital, L.L.C. v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).

B. <u>Discussion</u>

1. <u>Monell Claim</u>

Defendants move to dismiss Plaintiff's §§ 1983 and 1985 claims for failure to allege constitutional violations under <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 690-91 (1978), and for failure to allege violations within the statute of limitations period.

a. <u>Monell Standard</u>

Defendant argues that Plaintiff did not allege a constitutional violation by Defendants and that Plaintiff cannot proceed on a "class of one" equal protection claim. Plaintiff responds that he is not making a "class of one" equal protection claim but instead, argues that Defendants treat a distinct group of officers who complain about official misconduct differently. In the reply, Defendants argue that Plaintiff's claim cannot be brought as an equal protection claim because it is based on First Amendment activity.

Plaintiff's <u>Monell</u> claim against Defendants is brought

under § 1983. Respondeat superior liability does not apply to actions against local government entities under § 1983. See Monell, 436 U.S. at 691. Therefore, to prevail in a civil action against a local governmental entity, a plaintiff must establish "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" Oviatt By & Through Waugh v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting City of Canton v. Harris, 489 U.S. 378, 389-91 (1989)).

A pre-Iqbal Ninth Circuit decision held that "a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir. 2007). However, "[i]n light of Iqbal, it would seem that the prior Ninth Circuit pleading standard for Monell claims (i.e. 'bare allegations') is no longer viable." Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009). Thus, a Monell claim against Defendant requires more than labels and conclusions.

First, the conduct complained of must have deprived Plaintiff of some constitutional right because § 1983 is not a source of substantive rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff alleges that he was discriminated, harassed, and retaliated against because of his

protected categories and his repeated complaints to the Workers' Compensation Board, the California Department of Insurance, and Plaintiff's elected officials.  Plaintiff, however, fails to allege that he possessed a constitutional right of which he was deprived.  The only possible deprived right, as Defendants contend, is an equal protection claim but it is not adequately pleaded in the complaint.  In his opposition, Plaintiff acknowledges that his First Cause of Action is a Monell claim but he does not sufficiently describe the underlying right upon which he bases his claim.  As a result, Plaintiff has failed to allege a violation of a specific constitutional right.

Even if Plaintiff's allegations were interpreted by this Court as an equal protection claim, Defendants argue that he cannot proceed on a "class of one" equal protection claim because those claims are not permitted in the employment context.  Engquist v. Oregon Dept. of Agr., 553 U.S. 591, 604-05 (2008).  Plaintiff argues that he is not making a "class of one" claim, but making a claim that Defendants treat a distinct group of individuals differently because they complain about official misconduct.  See Engquist, 553 U.S. at 605 (noting that equal protection claims are allowed in the employment context when the government treats distinct groups of individuals categorically differently).  Plaintiff's argument is without merit. As Defendants correctly point out, this claim would be more properly brought under the First Amendment and not under the Equal Protection Clause.  See, e.g., Webber v. First Student, Inc., No. 11-3032, 2011 U.S. Dist. LEXIS 88238 (D. Or. July 12, 2011), at *8-10; Mazzeo v. Gibbons, No. 08-01387, 2010 U.S.

6

Dist. LEXIS 115044, at *5 (D. Nev. Oct. 28, 2010); Occhionero v. City of Fresno, No. 05-1184, 2008 U.S. Dist. LEXIS 51184, at *8 (E.D. Cal July 3, 2008).

Accordingly, Plaintiff has failed to allege sufficient facts to satisfy the first requirement of a Monell claim and therefore his First Cause of Action must be dismissed. The Court grants Plaintiff leave to amend because Plaintiff may be able to clarify in an Amended Complaint which constitutional right was deprived.[2]

### 2. Statute of Limitations

Defendants also argue that Plaintiff only alleges discrete isolated acts that occurred in 2002, 2004, 2006, and 2007, which do not fall within the two-year statute of limitations. In Plaintiff's opposition, he points out that he alleged that he resigned within the limitations period in July 2010.

In § 1983 claims, federal courts borrow state statutes of limitations for personal injury actions. Wallace v. Kato, 549 U.S. 384 (2007); Lukovsky v. City of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008). In California, there is a two-year statute of limitations. Canatella v. Van De Kamp, 486 F.3d 1128, 1132-33 (9th Cir. 2007). Federal law determines when a cause of action accrues and when the statute of limitations begins to run for a § 1983 claim. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991).

---

[2] Plaintiff must also allege facts to satisfy the other three requirements of a Monell claim—that the municipality had a policy, that this policy amounts to deliberate indifference, and that the policy is the moving force behind his constitutional violation.

In constructive discharge cases, the statute of limitations begins to run on the date of resignation because a constructive discharge is a discriminatory act. Draper v. Coeur Rochester, Inc., 147 F.3d 1104, 1110-11 (9th Cir. 1998). However, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113(2002); Carpinteria Valley Farms, Ltd. v. County of Santa Barbara, 344 F.3d 822, 828-29 (9th Cir. 2003).

Here, the complaint was filed on May 10, 2012; therefore, anything before May 10, 2010, falls outside of the statute of limitations. Plaintiff resigned in July 2010, which is within the limitations period. Plaintiff does not deny that the acts in 2002, 2004, 2006, and 2007 are discrete discriminatory acts. Therefore, Plaintiff's § 1983 claim alleging constructive discharge based on constitutional violations is within the statute of limitations, but the discrete acts that occurred between 2002 and 2007 are not actionable even if related to Plaintiff's resignation. Consequently, his claim is limited to his resignation and any acts within the statute of limitations.

        3.    First Amendment Retaliation Claim

Defendants move to dismiss Plaintiff's Second Cause of Action—a First Amendment retaliation claim—for failure to allege any violation within the statute of limitations period and for failure to allege that Plaintiff engaged in constitutionally protected speech. Plaintiff makes the same arguments as above for the statute of limitations; therefore, similarly, the claim is limited to his resignation and acts within the statute of

8

limitations.  Plaintiff further argues that his speech is protected speech because it is related to discrimination in the workplace.

To state a claim against a government employer for violating the First Amendment, an employee must show (1) that he engaged in protected speech; (2) that the employer took an "adverse employment action" and (3) that his speech was a "substantial or motivating" factor for the adverse employment action.  Coszalter v. City of Salem, 320 F.3d 968, 973 (9th Cir. 2003) (citations omitted).

          a.   Protected Speech

For the first element, Plaintiff must allege that he engaged in protected speech.  Id.  A public employee's speech is constitutionally protected if it addresses a matter of legitimate public concern.  Id.  Speech regarding individual personnel disputes and grievances is not of public concern.  Id.  Contrastingly, speech regarding corruption in government can be protected speech depending on the statements.  Desrochers v. City of San Bernardino, 572 F.3d 703, 723 (9th Cir. 2009) (collecting cases).

In this case, Plaintiff alleges that he wrote to elected officials among others about the corruption in the department and about the way he was treated despite his qualifications and that as a result, he suffered harassment, retaliation, highly invasive investigations, surveillance, and intrusions into his life.  Any speech related to how he was treated and his relationship with coworkers is a personal grievance and is not protected speech.  Brownfield v. City of Yakima, 612 F.3d 1140,

1148 (9th Cir. 2010). Although Plaintiff alleges that his speech also related to corruption in the department, Plaintiff provides no factual allegations of when he wrote the letters or what the statements were that would allow the Court to determine whether the speech is protected. Plaintiff argues in his opposition that speech related to discrimination is of public concern, but he does not allege in the complaint that his letters related to workplace discrimination.

### b. Adverse Employment Action

An adverse employment action is an action "reasonably likely to deter employees from engaging in protected activity." Coszalter, 320 F.3d at 976 (citation omitted). An adverse employment action need not be severe and it need not be of a certain kind. Id. at 975. Under this standard, unwarranted investigations, harassment, and reprimands could be adverse employment actions. See Id. at 976. Plaintiff has alleged that he underwent this type of treatment, but he has not alleged any details of the adverse actions. He has only provided details of discrete acts that occurred outside of the statute of limitations. As a result, Plaintiff has not alleged an adverse employment action.

### c. Substantial or Motivating Factor

Plaintiff has not alleged any facts connecting his speech with an adverse action, such as proximity in time, that the employer opposed his speech, or that the employer's explanations for an adverse employment action were false and pre-textual. See Id. at 977. Plaintiff has failed to allege the third element of a retaliation claim.

Therefore, Plaintiff's Second Cause of Action claim is dismissed with leave to amend. The Court grants Plaintiff leave to amend because Plaintiff's speech related to corruption might support a First Amendment retaliation claim if properly pleaded and within the statute of limitations.

    4.   <u>Civil Rights Claims Based on Federally Protected Leave or Workers' Compensation Benefits</u>

Defendants also argue that Plaintiff cannot maintain civil rights claims on the basis of taking a federally protected leave or on the basis of receiving workers' compensation benefits. The Court need not address these arguments at this time.

### III. ORDER

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED WITHOUT PREJUDICE. Plaintiff must file his Amended Complaint within twenty (20) days from the date of this Order. If Plaintiff elects not to file an Amended Complaint, he should file a notice of dismissal within the next twenty (20) days.

IT IS SO ORDERED.

Dated: October 10, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

11