1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10    MICHAEL OSTER,                       No.  2:12-cv-1264 JAM-AC

11                  Plaintiff,

12       v.                                **ORDER GRANTING DEFENDANTS'
                                           MOTION TO DISMISS**
13    COUNTY OF SOLANO; SOLANO
      COUNTY SHERIFF'S DEPARTMENT;
14    and DOES 1 through 50,
      inclusive,
15
                  Defendants.
16

17       This matter is before the Court on Defendants County of

18   Solano and Solano County Sheriff's Department's (collectively,

19   "Defendants") Motion to Dismiss (Doc. #14).  Plaintiff Michael

20   Oster ("Plaintiff") opposes the motion (Doc. #18) and Defendants

21   replied (Doc #20).[1]  For the reasons set forth below, Defendants'

22   motion is GRANTED.

23          I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

24       Defendants previously moved to dismiss Plaintiff's

25   complaint and that motion was granted with leave to amend (Doc.

26
_____

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28   for February 6, 2013.

                                   1

1   #12).  On October 30, 2012, Plaintiff filed a First Amended

2   Complaint ("FAC") (Doc. #13).  In the FAC, Plaintiff alleges two

3   causes of action: (1) a Monell claim pursuant to 42 U.S.C.

4   § 1983 and (2) a First Amendment retaliation claim.  Defendants

5   now move to dismiss Plaintiff's FAC for failure to state a

6   claim.

7       Plaintiff was employed as Deputy Sheriff for the County of

8   Solano from October 28, 2001 until July 10, 2010 when he

9   resigned.  Plaintiff allegedly resigned in 2010 after years of

10  harassment, retaliatory and invasive investigations,

11  surveillance, and unwarranted intrusions into his and his

12  family's lives.  Plaintiff alleges that this occurred pursuant

13  to a tacit policy in which senior management level officers of

14  the Solano County Sheriff's Department ("SCSD") were allowed

15  with impunity to follow laws and regulations they chose to

16  follow while disregarding others, and they were allowed to

17  harass and retaliate against certain disfavored SCSD employees

18  who made complaints in a public forum.

19      Plaintiff allegedly suffered the following derogatory,

20  harassing, and retaliatory actions: In May 2002, Plaintiff

21  alleges that Defendant Solano County Sheriff's Department

22  ("SCSD") assigned him to SCSD's Canine Unit.  The head of SCSD's

23  chapter of the Deputy Sheriff's Association then allegedly

24  threatened "to drag (Plaintiff) through the mud" unless

25  Plaintiff resigned the Canine Unit Handler's position, but

26  Plaintiff did not resign.  FAC ¶ 14.  Later in 2002, the Canine

27  Unit manager allegedly threatened Plaintiff with termination

28  after reading private emails between Plaintiff and the SCSD

1  Captain that questioned the manager's competence.  Plaintiff was

2  allegedly forced to resign from the Canine Unit in late 2002 or

3  face possible termination.

4      In or about 2003, Plaintiff allegedly took time off to

5  recuperate from an injured knee.  In early 2004, once Plaintiff

6  had returned to a light duty assignment, the SCSD Captain

7  allegedly threatened Plaintiff with termination because a

8  workers' compensation supervisor allegedly lied to the Captain

9  about details of Plaintiff's injury.

10     Plaintiff alleges that once he returned to active duty he

11  was subject to undeserved employment actions by his superiors,

12  including an involuntary transfer, having his workers'

13  compensation benefit payments delayed after a 2006 on-duty

14  injury, having his request to wear a knee brace denied,

15  undergoing a "bogus" investigation, and having his workers'

16  compensation benefits and medical treatment delayed after a 2007

17  on-duty injury.

18     Further, Plaintiff now alleges that he was arrested in June

19  2010 for workers' compensation fraud within mere days of sending

20  a letter to his local government representatives "to complain

21  of, among other things, the dangerous and lawless culture with

22  the SCSD management and the negative impact this lawlessness

23  would have on taxpaying citizens."  FAC ¶ 30.

24

25                    II.  OPINION

26     A.  Legal Standard

27     A party may move to dismiss an action for failure to state

28  a claim upon which relief can be granted pursuant to Federal

                              3

1   Rule of Civil Procedure 12(b)(6).  In considering a motion to

2   dismiss, the court must accept the allegations in the complaint

3   as true and draw all reasonable inferences in favor of the

4   plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),

5   overruled on other grounds by Davis v. Scherer, 468 U.S. 183

6   (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that

7   are mere "legal conclusions," however, are not entitled to the

8   assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678

9   (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

10  (2007)).  To survive a motion to dismiss, a plaintiff needs to

11  plead "enough facts to state a claim to relief that is plausible

12  on its face."  Twombly, 550 U.S. at 570.  Dismissal is

13  appropriate where the plaintiff fails to state a claim

14  supportable by a cognizable legal theory.  Balistreri v.

15  Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

16      Upon granting a motion to dismiss for failure to state a

17  claim, the court has discretion to allow leave to amend the

18  complaint pursuant to Federal Rule of Civil Procedure 15(a).

19  "Dismissal with prejudice and without leave to amend is not

20  appropriate unless it is clear . . . that the complaint could

21  not be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon,

22  Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

23      B.   Discussion

24           1.   Monell Claim

25      Defendants argue that Plaintiff has failed to allege

26  sufficient facts to establish the requisite elements of a claim

27  under Monell v. Department of Social Services, 436 U.S. 658,

28  690-91 (1978).  Plaintiff responds that Defendants are trying to

4

1   impose the heightened pleading requirement of Federal Rule of

2   Civil Procedure ("FRCP") 9.

3       Under Monell, to prevail in a civil action against a local

4   governmental entity, a plaintiff must establish "(1) that he

5   possessed a constitutional right of which he was deprived;

6   (2) that the municipality had a policy; (3) that this policy

7   'amounts to deliberate indifference' to the plaintiff's

8   constitutional right; and (4) that the policy is the 'moving

9   force behind the constitutional violation.'"  Oviatt By &

10  Through Waugh v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992)

11  (quoting City of Canton v. Harris, 489 U.S. 378, 389-91 (1989)).

12      In the FAC, as to the Monell claim, Plaintiff has added new

13  allegations regarding an unofficial policy that allowed

14  supervising officers to act outside of state laws and

15  regulations, harass, retaliate against, demote, and terminate

16  department employees who make internal and public complaints

17  about the department's workings.  FAC ¶¶ 20, 21, 25, and 26.

18  Moreover, he alleges that "Plaintiff's superiors were aware at

19  all relevant times of the Department's unofficial policy, and

20  that this awareness and failure to act amounts to deliberate

21  indifference to Plaintiff's [c]onstitutional rights of free

22  speech and petitioning the government of grievances." Id. ¶ 21.

23      Although detailed factual allegations similar to those

24  required under FRCP 9 are not required under FRCP 8, a claim

25  must set forth sufficient factual content that allows the "court

26  to draw the reasonable inference that the defendant is liable

27  for the misconduct alleged."  Iqbal, 556 U.S. at 663.  Unlike in

28  the original complaint, Plaintiff now identifies a

5

1  constitutional right of which he was allegedly deprived--free

2  speech and petitioning the government of grievances.  However,

3  Plaintiff does not identify how his constitutional right to free

4  speech was violated, or any facts to show the existence of a

5  custom or policy, or any facts to support the allegation of

6  deliberate indifference.  To sufficiently state a claim under

7  Monell, it is not enough to state that there is a policy and the

8  policy amounted to deliberate indifference; there must be facts

9  showing the plausibility of those statements.  Id.; see also Via

10  v. City of Fairfield, 833 F. Supp. 2d 1189, 1196 (E.D. Cal.

11  2011) (noting "[s]ince Iqbal, courts have repeatedly rejected

12  such conclusory allegations that lack factual content from which

13  one could plausibly infer Monell liability").  Therefore,

14  Plaintiff's bare allegations of the Monell elements are

15  insufficient.

16      Accordingly, because Plaintiff has failed to allege

17  sufficient facts for a Monell claim, the Court dismisses

18  Plaintiff's first cause of action.  Plaintiff gives no

19  indication of what more he could plead to state a claim,

20  signaling that indeed there are no additional facts Plaintiff

21  could include in the complaint were he granted leave to amend.

22  Therefore, the Court dismisses this claim without leave to

23  amend.

24          2.   First Amendment Retaliation Claim

25      Defendants move to dismiss Plaintiff's First Amendment

26  retaliation claim for failure to allege that Plaintiff engaged

27  in constitutionally protected speech.  Plaintiff argues that he

28  has sufficiently alleged that his letter addressed a matter of

1   legitimate public concern.

2       To state a claim against a government employer for

3   violating the First Amendment, an employee must show (1) that he

4   engaged in protected speech; (2) that the employer took an

5   "adverse employment action" and (3) that his speech was a

6   "substantial or motivating" factor for the adverse employment

7   action. Coszalter v. City of Salem, 320 F.3d 968, 973 (9th Cir.

8   2003) (citations omitted).

9       A public employee's speech is constitutionally protected

10  if it addresses a matter of legitimate public concern. Id. For

11  instance, speech regarding corruption in government can be

12  protected speech depending on the statements. See, e.g.,

13  Lambert v. Richard, 59 F.3d 134, 136 (9th Cir. 1995) (9th Cir.

14  1995) (holding that speech regarding a supervisor who mismanaged

15  the library department and treated employees in an abusive and

16  intimidating manner was a matter of public concern); Allen v.

17  Scribner, 812 F.2d 426, 431 amended, 828 F.2d 1445 (9th Cir.

18  1987) (noting that speech "related to the competency of ...

19  management as well as the efficient performance of [government]

20  duties" addressed a matter of public concern).

21      In this case, Plaintiff alleges that he wrote "to his local

22  government representatives to complain of, among other things,

23  the dangerous and lawless culture within the SCSD management and

24  the negative impact this lawlessness would have on taxpaying

25  citizens." FAC ¶ 30. Plaintiff did not attach the letter to

26  the FAC, which would have been the clearest indication of the

27  content of Plaintiff's speech, but, as the parties agree,

28  Plaintiff is not at this point required to do so. Opp. at 5;

1   Reply at 4.   Nevertheless, Plaintiff has failed to provide

2   sufficient facts to support his allegations because the terms

3   "dangerous" and "unlawfulness" are too vague and conclusory to

4   allow the Court to determine whether Plaintiff's speech was a

5   matter of public concern.   See Armstrong v. California State

6   Corr. Inst., 1:10-CV-01856 OWW, 2011 WL 773425, at *4 (E.D. Cal.

7   Feb. 25, 2011) (holding that the term "illegalities" as used by

8   the plaintiff was vague and conclusory to demonstrate that she

9   was engaged in speech of public concern).   Because Plaintiff has

10  failed to allege the first element of a First Amendment

11  retaliation claim, the Court does not find it necessary to

12  analyze the other two elements.[2]

13      Accordingly, Plaintiff's second cause of action is

14  dismissed.   The Court denies Plaintiff leave to amend because

15  Plaintiff has had two opportunities to properly plead this claim

16  and has been unable to do so. The Court finds that any further

17  amendment would be futile.

18

19                          III. ORDER

20      For the reasons set forth above, Defendants' Motion to

21  Dismiss is GRANTED WITH PREJUDICE.

22      IT IS SO ORDERED.

23      Dated: March 22, 2013

                                    _____
24                                  JOHN A. MENDEZ,
                                    UNITED STATES DISTRICT JUDGE

25

─────────────────────

26  [2] Defendants request judicial notice of a 2010 Press Release
    announcing Plaintiff's arrest (Doc. #14).   However, the Court

27  finds the press release unnecessary for the determination of this
    motion and therefore, Defendants' request for judicial notice is

28  denied.