UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL OSTER,

    Plaintiff,

  v.

COUNTY OF SOLANO; SOLANO COUNTY SHERIFF'S DEPARTMENT; and DOES 1 through 50, inclusive,

    Defendants.

No. 2:12-cv-01264 JAM-AC

**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES OR SANCTIONS**

This matter is before the Court on Defendants County of Solano and Solano County Sheriff's Department's (collectively, "Defendants") Motion for Attorneys' Fees or Sanctions (Doc. #26). Plaintiff Michael Oster ("Plaintiff") opposes the motion (Doc. #29) and Defendants replied (Doc. #31).[1] For the following reasons, Defendants' motion is DENIED.

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled for June 5, 2013.

1

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The facts are well known to the parties and therefore the following is only a brief summary of the procedural history giving rise to Defendants' motion. Plaintiff sued Defendants alleging civil rights violations under Monell v. Department of Social Services, 436 U.S. 658 (1978), and the First Amendment (Doc. #2). Defendants filed a motion to dismiss Plaintiff's complaint (Doc. #6), which the Court granted but allowed Plaintiff leave to amend (Doc. #12). After Plaintiff filed his First Amended Complaint ("FAC") (Doc. #13), Defendants moved once more to dismiss (Doc. #14). The Court issued an order on March 22, 2013, dismissing all of Plaintiff's claims with prejudice ("Order," Doc. #23).

## II. OPINION

### A. Discussion

Defendants contend that they are entitled to fees or sanctions under (1) 42 U.S.C. § 1988, (2) 28 U.S.C. § 1927, and (3) the Court's inherent power, because Plaintiff's decision to file an amended complaint unreasonably multiplied proceedings. Plaintiff opposes Defendants' motion, arguing that Plaintiff did not multiply the proceeding and his claims are not frivolous. Plaintiff also argues that Defendants' motion does not comply with Local Rule 293(c) and that Defendants' motion should be stayed until Plaintiff's Ninth Circuit appeal is decided on its merits; however, the Court does not find it necessary to address either of these arguments.

    1. <u>Attorneys' Fees</u>

Normally, "a district court may in its discretion award attorney's fees to a prevailing defendant [pursuant to 42 U.S.C. § 1988] upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." <u>Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n</u>, 434 U.S. 412, 421 (1978). "[T]he bringing of cases with no foundation in law or facts at the outset" can give rise to an award of fees to a prevailing defendant under § 1988. <u>Mitchell v. Office of L.A. Cnty. Superintendent of Sch.</u>, 805 F.2d 844, 847 (9th Cir. 1986).

The crux of Defendants' general argument for attorneys' fees is that Plaintiff's "decision to file an amended complaint unreasonably multiplied proceedings, increased the cost to the County of defending against the action, and was unreasonable and vexatious." Mot. at 8. In particular, Defendants seek recovery of fees caused by Plaintiff's decision to file a FAC without the June 2010 letter that Plaintiff alleged existed. Reply at 2. However, as the Court noted in its Order, both parties agreed that at that stage, Plaintiff was not required to attach the letter to the complaint. Order at 7-8. Therefore, the Court cannot infer bad faith or find that Plaintiff's decision not to attach it was unreasonable. Moreover, Plaintiff only filed one amended complaint within one year of filing the original complaint, which the Court gave Plaintiff leave to file. <u>See</u> Doc. ##2, 13. Therefore, filing

an amended complaint did not unreasonably multiply the proceedings.

Accordingly, the Court finds that Plaintiff's actions were not frivolous, unreasonable, or without foundation to warrant attorneys' fees under § 1988.

### 2. Sanctions Pursuant to 28 U.S.C. § 1927

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 sanctions must be based on a finding of subjective bad faith. Pratt v. California, 11 F. App'x 833, 835 (9th Cir. 2001). Bad faith can be found when an attorney knowingly or recklessly raises a frivolous argument or raises an argument only to harass an opponent. Id.

Defendants argue that sanctions are warranted because Plaintiff made frivolous amendments to pleadings to constitute reckless multiplication of the proceedings sufficient to impose a costs award under § 1927. They rely on two cases from the Ninth Circuit, Wages v. I.R.S., 915 F.2d 1230 (9th Cir. 1990), and Wilden v. Cnty. of Yuba, 2:11-CV-02246-JAM, 2012 WL 3730657 (E.D. Cal. Aug. 24, 2012). In Wages, the Ninth Circuit affirmed the district court's decision to impose sanctions on the plaintiff for "attempting to file an amended complaint that did not materially differ from one which the district court had already concluded did not state a claim, and by continually moving for alterations of the district court's original

1   judgment despite that court's clear unwillingness to change its
2   mind." 915 F.2d at 1235.  Similarly, in Wilden, this Court
3   awarded sanctions because the plaintiff's counsel unreasonably
4   filed an amended complaint materially identical to the original
5   complaint instead of responding to the substance of Defendants'
6   motion to dismiss.  2012 WL 3730657, at *2.
7        For the reasons mentioned above, the Court cannot infer
8   bad faith from Plaintiff's decision not to attach the June 2010
9   letter.  In addition, this case is distinguishable from Wages
10  and Wilden.  Unlike the plaintiff in Wages, Plaintiff, here,
11  did not continuously move for alterations of the Court's
12  judgment and Plaintiff did in fact add allegations to the
13  amended complaint in an attempt to set forth cognizable civil
14  rights claims even though they were not sufficient to survive a
15  motion to dismiss.  See Order at 5-6; FAC ¶ 30.  Plaintiff,
16  unlike the plaintiff's counsel in Wilden, responded to both of
17  Defendants' motions to dismiss and did not instead attempt to
18  submit a materially identical amended complaint.
19       Accordingly, the Court finds that Plaintiff has not acted
20  in bad faith to warrant sanctions pursuant to § 1927.
21            3.   Sanctions Pursuant to the Court's Inherent Powers
22       A court may award sanctions pursuant to its inherent
23  powers.  See B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1108
24  (9th Cir. 2002).  However, only conduct that is "'tantamount to
25  bad faith' is sanctionable." Id. (citing Roadway Express, Inc.
26  v. Piper, 447 U.S. 752, 767 (1980)).  Therefore, for the same
27  reasons that an award of § 1927 sanctions is inappropriate, the
28  Court finds that an award of sanctions pursuant to its inherent

5

power is inappropriate.

## III. ORDER

For the reasons set forth above, Defendants' motion for attorneys' fees or sanctions is DENIED.

IT IS SO ORDERED.

Dated: June 19, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE