UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL OSTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SOLANO; SOLANO COUNTY SHERIFF'S DEPARTMENT; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | No.　2:12-cv-1264-JAM-AC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

　　　Defendants County of Solano ("the County") and Solano County Sheriff's Department ("SCSD") (collectively "Defendants") filed a Motion to Dismiss (Doc. #39) Plaintiff Michael Oster's ("Plaintiff") Second Amended Complaint ("SAC") (Doc. #38).[1]  For the reasons set forth below, the Motion is GRANTED.

　　　I.　　FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

　　　Plaintiff was employed as a Deputy Sheriff with SCSD until he resigned in 2010 after years of alleged harassment,

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for July 15, 2015.

1

retaliatory and invasive investigations, surveillance, and unwarranted intrusions into his and his family's lives by his superiors. SAC ¶¶ 2, 11, 14-15, 17-19, 25. Plaintiff alleges that this occurred pursuant to a policy of Defendants wherein officers were allowed to harass, retaliate against, demote, and even terminate certain disfavored SCSD employees "who make internal and public complaints about the SCSD's nefarious inner workings." Id. ¶¶ 12-13, 20-21, 24. The SAC alleges these actions constitute retaliation against Plaintiff for engaging in protected free speech in violation of his First Amendment rights. Id. ¶¶ 23-25.

Plaintiff's original complaint (Doc. #2) was dismissed with leave to amend (Doc. #12). Plaintiff then filed a First Amended Complaint ("FAC") (Doc. #13), alleging two causes of action against the County, SCSD and Does 1-50: (1) a Monell claim pursuant to 42 U.S.C. § 1983 ("§1983") and (2) a First Amendment retaliation claim pursuant to §1983. Defendants again moved to dismiss (Doc. #14) for failure to state a claim. The Court again granted the motion (Doc. #22). The Court concluded the FAC failed to allege sufficient facts for a claim under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978) and failed to adequately allege the speech underlying Plaintiff's First Amendment claim was "a matter of legitimate public concern." The Court denied both claims without leave to amend. Plaintiff appealed (Doc. #24) the Court's ruling.

The Ninth Circuit held that the Court properly dismissed Plaintiff's claim of municipal liability under Monell and found the Court did not abuse its discretion in denying leave to amend

2

the claim.  Ninth Circuit Memorandum (Doc. #34) at pp. 1-2.  The Ninth Circuit concluded Plaintiff "failed to allege any facts that would plausibly support his claim of 'an unofficial yet distinct departmental policy' allowing supervising officers to act unlawfully."  Id.  However, the Ninth Circuit held that the Court did abuse its discretion in declining to grant Plaintiff leave to amend his First Amendment retaliation claim.  Id. at p. 2.  The Ninth Circuit concluded that Plaintiff could possibly cure the deficiencies in the FAC by attaching letters supporting his First Amendment retaliation cause of action and remanded the matter back to this Court.  Id.

The Court accordingly granted Plaintiff leave to amend his First Amendment retaliation claim.  Plaintiff filed the SAC alleging a sole cause of action for First Amendment Retaliation pursuant to §1983 against the County, SCSD and Does 1-50, attaching various letters that Plaintiff contends constituted the protected speech underlying his claim.


II.   OPINION

A.   Named Defendants

Defendants contend the County should be dismissed because the Ninth Circuit upheld this Court's order dismissing Plaintiff's Monell claim without leave to amend.  MTD at p. 5.

The Court first notes that the Solano County Sherriff's Department is not a properly named defendant for Plaintiff's §1983 claims; the Court will consider the County as the sole named defendant.  See Vance v. Cnty. of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (finding the county was a proper

defendant but that suing an agency of the county was improper); Dasovich v. Contra Costa Cnty. Sheriff Dep't, No. 14-CV-00258-MEJ, 2014 WL 3368038, at *1 n.1 (N.D. Cal. 2014).

It is well established that a municipal defendant cannot be held liable pursuant to §1983 under a respondeat superior theory. See Hunter v. Cnty. of Sacramento, 652 F.3d 1225, 1232–33 (9th Cir. 2011). In addition, as stated above, the Ninth Circuit explicitly held that Plaintiff "failed to allege any facts that would plausibly support his claim of 'an unofficial yet distinct departmental policy' allowing supervising officers to act unlawfully." Ninth Circuit Memo at pp. 1-2 (quoting the FAC). Despite this ruling, the SAC repeats this allegation verbatim. SAC ¶ 20. In fact, although Plaintiff did not include the Monell claim as a formal cause of action, the SAC consistently mentions the alleged, unlawful conduct was carried out pursuant to a policy or custom of Defendants. The issue of Monell liability has already been adjudicated by this Court and affirmed on appeal in Defendants' favor. As there is no other basis for liability plausibly alleged regarding the County, the Court dismisses the County from this action.

B. Doe Defendants

The only remaining Defendants are Does 1-50. In their Motion to Dismiss, Defendants contend the letters provided by Plaintiff indicate Plaintiff knows the persons involved in the alleged conduct, chose not to name them in the SAC, and, therefore, should not be allowed to proceed against DOE Defendants. MTD at pp. 5-6. Defendants argue Plaintiff's claims are barred by the statute of limitations because

4

1  Plaintiff cannot possibly meet the requirements for relating the
2  claims against currently unnamed individuals back to the
3  original complaint under either Federal or California law.
4      In his Opposition, Plaintiff completely fails to address
5  this issue regarding the Doe Defendants. Plaintiff also has not
6  requested any additional time or discovery to ascertain the
7  identities of the Doe Defendants, effectively conceding the
8  issue.  Plaintiff has had ample opportunity to properly
9  substitute the individuals responsible for the alleged conduct
10 for the Doe Defendants but has failed to do so. He is,
11 therefore, pursuing a First Amendment retaliation claim against
12 no one and the claim against the Doe Defendants must be
13 dismissed. The Court need not address Defendants' other
14 arguments in support of their motion to dismiss, including
15 whether the letters attached to the SAC plausibly relate to a
16 matter of public concern.

## III. ORDER

   For the reasons set forth above, Defendants' Motion to
Dismiss is GRANTED WITHOUT LEAVE TO AMEND.
   IT IS SO ORDERED.
   Dated: July 24, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE